# UNITED STATES DISTRICT COURT

## DISTRICT OF NEBRASKA

| | |
|---|---|
| POLYFORM, A.G.P. INC., A QUEBEC, CANADA CORPORATION; PLASTIQUES CELLULAIRES POLYFORM, INC., A QUEBEC, CANADA CORPORATION; AND NUDURA CORPORATION, AN ONTARIO, CANADA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>AIRLITE PLASTICS CO., A NEBRASKA CORPORATION,<br><br>Defendant. | Case Number 8:07CV 397<br><br>ANSWER TO COMPLAINT |

COMES NOW Airlite Plastics Co. (hereinafter "Airlite"), by and through the undersigned counsel, and answers and otherwise pleads to Plaintiff Polyform, A.G.P. Inc., Plastiques Cellulaires Polyform, Inc. (collectively "Polyform") and Nudura Corp.'s ("Nudura") Complaint as follows:

## **The Parties**

1. Plaintiff Polyform A.G.P. Inc., is a corporation organized and existing under the laws of Quebec, Canada, and has a principal place of business in Quebec, Canada. Polyform A.G.P. Inc. currently owns United States Patent No. No. 6,401,419 ("the '419 patent"). The '419 patent is attached as Exhibit 1.

Answer:   Airlite admits that Polyform A.G.P. Inc. is a corporation organized and existing under the laws of Quebec, Canada, and has a principal place of business in Quebec, Canada. Airlite further admits that Polyform A.G.P. Inc. is listed as the assignee on the face of the '419 patent.  Airlite lacks information to form a belief as to the truth or falsity of any remaining allegations in Paragraph 1 and therefore they are denied.

1

2. Plaintiff Plastiques Cellulaires Polyform, Inc, is a corporation organized and existing under the laws of Quebec, Canada, and has a principal place of business in Quebec, Canada. Plastiques Cellulaires Polyform, Inc. is the exclusive licensee of all rights to the '419 patent.

Answer: Airlite admits that Plastiques Cellulaires Polyform Inc. is a corporation organized and existing under the laws of Quebec, Canada, and has a principal place of business in Quebec, Canada. Airlite lacks information to form a belief as to the truth or falsity of any remaining allegations in Paragraph 2 and therefore they are denied.

3. Plaintiff Nudura Corporation is a corporation organized and existing under the laws of Ontario, Canada, and has a principal place of business in Ontario, Canada. Nudura is the sole entity with authority to sell products made according to the '419 patent in the United States.

Answer: Airlite admits that Nudura Corporation is a corporation organized and existing under the laws of Ontario, Canada, and has a principal place of business in Ontario, Canada. Airlite lacks information to form a belief as to the truth or falsity of any remaining allegations in Paragraph 3 and therefore they are denied.

4. Defendant, Airlite Plastics Co., is a corporation organized and existing under the laws of Nebraska and has a principal place of business at 6110 Abbott Drive, Omaha, Nebraska, 68110-2805.

Answer: Airlite admits the allegations of Paragraph 4.

**Jurisdiction**

5. Defendant has done business in this District by manufacturing, offering for sale, distributing, and selling the products that are the subject of this action in this District on a continuous and systematic basis.

Answer: Airlite admits the allegations of Paragraph 5.

6. This is an action for patent infringement under the patent laws of the United States.

Answer: Airlite admits the allegations of Paragraph 6, but denies that this action contains any viable claims.

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§1331 and 1338(a).

Answer: Airlite admits the allegations of Paragraph 7.

8. This Court has personal jurisdiction over Defendant and venue is proper for at least the reasons that Defendant is a Nebraska Corporation with its principal place of business in this District.

Answer: Airlite admits the allegations of Paragraph 8.

## Background

9. Defendant manufactures and sells stackable foam construction panels in a multitude of configurations under the commercial name "Fox Blocks."

Answer: Airlite admits that it manufactures and sells foam construction panels in a multitude of configurations under the commercial name "Fox Blocks."

10. Defendant's "Fox Blocks" products infringe one or more claims of the '419 patent.

Answer: Airlite denies the allegations of Paragraph 10.

11. The sale by Defendants of "Fox Blocks" in the United States has caused and continues to cause irreparable harm to Polyform and Nudura.

Answer: Airlite denies the allegations of Paragraph 11.

## Count I

## Patent Infringement of United States Patent No. 6,401,419

12. On June 11, 2002, the '419 patent, entitled STACKABLE CONSTRUCTION PANEL was duly and legally issued by the United States Patent and Trademark Office.

Answer: Airlite admits that the '419 patent issued on June 11, 2002 and is entitled STACKABLE CONSTRUCTION PANEL. Airlite denies the remaining allegations of Paragraph 12.

13. Defendant manufactures, uses and/or offers for sale and sells stackable construction panels which infringe the '419 patent, or otherwise induces or contributes to the infringement of the '419 patent in the United States.

3

Answer:   Airlite denies the allegations of Paragraph 13.

14.   Plaintiffs have been damaged by Defendant's infringement of the '419 patent and will continue to be damaged in the future unless Defendant is enjoined from continuing to infringe said patent.

Answer:   Airlite denies the allegations of Paragraph 14.

## **AFFMIRMATIVE DEFENSES**

### **First Affirmative Defense**

Airlite does not infringe any claim of the '419 patent, either literally or under the doctrine of equivalents.

### **Second Affirmative Defense**

The '419 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C. §1 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II and III of Title 35 of the United States Code.

Airlite is investigating, and reserves the right to amend its Answer to assert other affirmative defenses that may be revealed during discovery.

**WHEREFORE**, Airlite respectfully prays that judgment be entered in its favor and against Plaintiffs as follows:

A.   That Airlite has not infringed and is not infringing any claims of the '419 patent either directly or indirectly;

B.   That the '419 patent is invalid;

C.   That Plaintiffs are not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, attorney fees, interest or any other type of recovery from Airlite;

  D. An award of reasonable attorneys fees to Airlite because this is an exceptional case;

  E. An award of the costs of this action to Airlite;

  F. A dismissal of this action with prejudice and without recovery to Plaintiffs; and

  G. Such other further relief as the Court may deem proper and just.

DATED November 28, 2007.

              AIRLITE PLASTICS CO., Defendant


         By: /s/William C. Brown
            William C. Brown (#18040)
            Brown & Brown, P.C., L.L.O.
            P.O. Box 40
            Omaha, NE 68101-0040
            (402) 346-5010
            wbrown@bblaw.us

            Jon O. Nelson (admitted *pro hac vice*)
            Aimee B. Kolz (admitted *pro hac vice*)
            Banner & Witcoff, Ltd.
            10 South Wacker Drive, Suite 3000
            Chicago, IL 60606
            312-463-5000
            (Fax) 312-463-5001
            jnelson@bannerwitcoff.com
            akolz@bannerwitcoff.com

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the above and foregoing Answer was sent to the following person by electronically filing with the Clerk of the District Court using the CM/ECF system, on this 28th day of November, 2007.

| | |
|---|---|
| Ryan Grace, Esq.<br>Merchant & Gould P.C.<br>80 South Seventh Street<br>3200 IDS Center<br>Minneapolis, MN 55402 | Aaron M. Johnson<br>Merchant & Gould P.C.<br>80 South Seventh Street<br>3200 IDS Center<br>Minneapolis, MN 55402 |

Christopher J. Sorenson
Merchant & Gould P.C.
80 South Seventh Street
3200 IDS Center
Minneapolis, MN 55402

                                                                     /s/William C. Brown