IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Polyform, A.G.P. Inc. a Quebec, Canada corporation; Plastiques Cellulaires Polyform, Inc., a Quebec, Canada corporation; and Nudura Corporation, an Ontario, Canada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Airlite Plastics Co., a Nebraska corporation,<br><br>Defendant. | Case No. 8:07-cv-397<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Polyform A.G.P. Inc., a Quebec, Canada corporation; Plastiques Cellulaires Polyform, Inc., a Quebec, Canada corporation (collectively, unless otherwise so stated, referred to as "Polyform"), and Nudura Corporation ("Nudura"), an Ontario, Canada corporation, by its attorneys, Merchant & Gould, for their Complaint against Defendant Airlite Plastics Co. ("Defendant"), allege as follows:

### The Parties

1. Plaintiff Polyform A.G.P. Inc. is a corporation organized and existing under the laws of Quebec, Canada, and has a principal place of business in Quebec, Canada. Polyform A.G.P. Inc. currently owns United States Patent No. No. 6,401,419 ("the '419 patent"). The '419 patent is attached as Exhibit 1.

2. Plaintiff Plastiques Cellulaires Polyform, Inc. is a corporation organized and existing under the laws of Quebec, Canada, and has a principal place of

business in Quebec, Canada. Plastiques Cellularies Polyform, Inc. is the exclusive licensee of all rights to the '419 patent.

3. Plaintiff Nudura Corporation is a corporation organized and existing under the laws of Ontario, Canada, and has a principal place of business in Ontario, Canada. Nudura is the sole entity with authority to sell products made according to the '419 patent in the United States.

4. Defendant, Airlite Plastics Co., is a corporation organized and existing under the laws of Nebraska and has a principal place of business at 6110 Abbott Drive, Omaha, Nebraska, 68110-2805.

## Jurisdiction

5. Defendant has done business in this District by manufacturing, offering for sale, distributing, and selling the products that are the subject of this action in this District on a continuous and systematic basis.

6. This is an action for patent infringement under the patent laws of the United States.

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant and venue is proper for at least the reasons that Defendant is a Nebraska Corporation with its principal place of business in this District.

**Background**

9. Defendant manufactures and sells stackable foam construction panels in a multitude of configurations under the commercial name "Fox Blocks."

10. Defendant's "Fox Blocks" products infringe one or more claims of the '419 patent.

11. The sale by Defendants of "Fox Blocks" in the United States has caused and continues to cause irreparable harm to Polyform and Nudura.

**Count I**

**Patent Infringement of United States Patent No. 6,401,419**

12. On June 11, 2002, the '419 patent, entitled STACKABLE CONSTRUCTION PANEL was duly and legally issued by the United States Patent and Trademark Office.

13. Defendant manufactures, uses and/or offers for sale and sells stackable construction panels which infringe the '419 patent, or otherwise induces or contributes to the infringement of the '419 patent in the United States.

14. Defendant had actual knowledge of the '419 patent, and on information and belief, had actual knowledge that the use, manufacture, sale, and offer for sale of the "Fox Blocks" product infringes that patent, contributes to the infringement of that patent, and induces the infringement of that patent by others.

15. Defendant's infringement of the '419 patent was done despite an objectively high likelihood that its actions constituted infringement of a valid patent,

known to Defendant at all relevant times, and therefore has been and continues to be willful.

16. Plaintiffs have been damaged by Defendant's infringement of the '419 patent and will continue to be damaged in the future unless Defendant is enjoined from continuing to infringe said patent.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for the following relief:

a. A judgment that Defendant has infringed United States Patent No. 6,401,419;

b. A preliminary and permanent injunction under 35 U.S.C. § 283 to prohibit, until such time as the '419 patent expires, the violation by Defendant, its officers, directors, agents, servants, employees, and all others acting under or through it, directly or indirectly of any right secured by the '419 patent by Defendant;

c. Alternatively, should the Court deny injunctive relief, for a judgment and order requiring Defendant to pay past and future damages available under 35 U.S.C. § 284, including enhanced damages for willful infringement as allowed by the said statute, and all available interest;

d. A judgment that this case is exceptional and order directing Defendant to pay Plaintiffs' reasonable attorney fees as provided by 35 U.S.C. § 285; and

e. Such other and further relief as this Court may deem just and equitable.

**Demand for Jury Trial**

Plaintiffs hereby demand a jury trial for all issues so triable under the law.

>Plaintiffs, Polyform, A.G.P. Inc.; Plastiques Cellulaires Polyform, Inc.; and Nudura Corporation,
>
>By Their Attorneys,

Date:  April 14, 2008

*s/Aaron M. Johnson*

Christopher J. Sorenson (admitted *pro hac vice*)
Brent E. Routman (admitted *pro hac vice*)
Aaron M. Johnson (admitted *pro hac vice*)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-332-5300
Facsimile: 612-332-9081

Ryan T. Grace (Reg. No. 22,656)
**MERCHANT & GOULD P.C.**
222 South 15th Street
Suite 150
Omaha, NE 68102
Telephone: 402-344-3000
Facsimile: 402-344-3008