IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| POLYFORM, A.G.P. INC., a Quebec, Canada, corporation; PLASTIQUES CELLULAIRES POLYFORM, INC., a Quebec Canada, corporation; and NUDURA CORPORATION, an Ontario, Canada, corporation, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | 8:07CV397 |
| v. ) ) | |
| AIRLITE PLASTICS CO., a Nebraska corporation, ) ) ) | MEMORANDUM AND ORDER |
| Defendant. ) _____ ) | |

This matter is before the Court following a *Markman* hearing to construe certain claim terms of United States Patent No. 6,401,419 ("the '419 patent"). After considering the briefs and arguments of the parties and the applicable law, the Court issues the following order on claim construction.

**DISCUSSION**

Claim interpretation is a question of law for the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995). Generally, words of a claim are given their ordinary and customary meaning, which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005). To construe the claims, the Court should first consider the intrinsic record, which

includes the claims, the specification, and the prosecution history.  *See Id.* at 1314-1317; *see also Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).  The Court considers the claim language first, followed by the specification, and finally the prosecution history.  *Vitronics Corp.*, 90 F.3d at 1582.  The Court may also consider extrinsic evidence; however, extrinsic evidence is generally not as reliable as intrinsic evidence.  *Phillips*, 415 F.3d at 1317-1319.

**1) TWO COPLANAR EDGE SURFACES and SINGLE MEDIAN ROW**

In the joint construction statement (Filing No. 40), the parties submitted two terms for construction: (1) two coplanar edge surfaces, and (2) single median row.  Polyform adopted Airlite's proposed construction of these two terms at the *Markman* hearing.  Accordingly, the Court finds "two coplanar edge surfaces" means "two flat or level surfaces bordering the side edges of the foam panel, said two surfaces lying in the same plane," and "single median row" means "one and only one row at or near the middle of and spaced from both lateral side edges of a foam panel" (*See* Filing No. 40, Airlite's proposed construction).

**2) PANEL**

While not initially identified for construction, the parties now ask the Court to construe the term "panel."  Polyform contends "panel" means "a distinct and separate piece of construction material that is generally flat in shape," and

Airlite contends "panel" means "the wall or side of an [Insulated Concrete Form] ("ICF")" (*See* Filing Nos. 219, 222).

The Court finds the intrinsic record supports Polyform's construction.  Foremost, the claims of the '419 patent use "panel" to refer to a separate piece of construction material.  Claims 1 and 5 are the only independent claims of the '419 patent.  Claim 1 states the characteristics of a single panel, while claim 5 states the characteristics of a wall form assembly that is created by connecting two panels.[1]  The claims use "panel" to refer to one piece of foam and "wall" to refer to the structure that is created when two panels are joined.  Thus, "panel" cannot mean "wall" as asserted by Airlite.  Similarly, "panel" cannot mean "side" because claim 1 uses "side" to refer to the top and bottom of a panel where the row of projections and recesses is located.  Instead, the claims use "panel" to refer to a piece of foam that can be separated from the wall form assembly and viewed in isolation.

The '419 specification confirms this construction.  Figures 1, 2, and 4 show two individual panels connected by web members.  The specification explains that a panel is a piece of foam that must be joined to a second piece of foam to form a wall form assembly (*See* the '419 patent, col. 1, l. 57 - col. 2, l.

---

[1] Only claims 1-3 are at issue in this case.  Nonetheless, the Court may consider the unasserted claims when construing the disputed terms.  *See Phillips*, 415 F.3d at 1314.

15; col. 2, ll. 54-58). Moreover, figure 1 depicts panels that are generally flat in shape. The specification suggests that this flat shape allows two connected panels to be collapsed and brought close together for shipping purposes (*See Id.*, col. 2, ll. 58-63).

Airlite contends "panel" cannot refer to a separate piece of construction material because the specification cites one prior art reference that discloses a molded block form. The specification lists seven examples of insulating construction panels. Six examples disclose forms with separate panels, but one example discloses a molded block in which the "walls" are not separate from the block (*See Id.*, col. 1, ll. 10-50; U.S. Patent No. 4,894,969). This isolated prior art reference does not establish that a person of ordinary skill in the field would understand "panel," as used in the '419 patent, as referring generally to the side of a molded block. Rather, the claims and specification compel the finding that "panel" refers to a separate and distinct piece of construction material that is generally flat.

While there is no need to resort to extrinsic evidence, such evidence supports the Court's construction. A dictionary definition of "panel" and an expert report authored by Polyform's expert accord with the Court's construction (*See* Filing Nos. 220-5, 220-6).

-4-

Based on the foregoing, the Court finds "panel" means a distinct and separate piece of construction material that is generally flat in shape.

**3) ALTERNATING**

While not initially identified for construction, the parties now ask the Court to construe the term "alternating." Polyform asserts "alternating" means "a sequence of projections and recesses that are not interrupted by another structure," while Airlite asserts "alternating" means "the row has projections and recesses, which are alternating in order" (*See* Filing Nos. 219, 222).

The Court finds the intrinsic record supports Polyform's construction of "alternating." Claim 1 of the '419 patent provides in part: "[a] . . . panel having a top side and a bottom side each including a single median row of alternating projections and recesses having a similar complementary shape, the median row being disposed between two coplanar edge surfaces . . . ." Claim 1 does not specifically state whether projections and recesses must touch to be "alternating," but it is clear that the projections and recesses cannot be separated by a coplanar edge surface. Claim 1 states that a panel has only one coplanar edge surface on either side of the row of projections and recesses. A coplanar edge surface could not be located in-between projections and recesses.

In addition, the '419 patent specification indicates the alternating projections and recesses are not interrupted by other structures. Figures 1 and 2 depict a row of projections and recesses that extends the length of a panel without interruption. In addition, the specification cites U.S. Pat. No. 5,428,933 ("the '933 patent") as an example of a patent with two rows of alternating projections and recesses (the '419 patent, col. 1, ll. 34-38). Figures 1 and 2 of the '933 patent show two rows of alternating projections and recesses that are not interrupted by spaces or other structures. The Court finds a person of ordinary skill in the art would understand that "alternating" refers to an uninterrupted repetition of projections and recesses.[2]

Extrinsic evidence is not necessary to define "alternating," but such evidence also supports this construction. "Alternate" is defined in the dictionary as "occurring or succeeding by turns <a day of ~ sunshine and rain>," and Polyform's expert defined "alternating" as "continuous repetition" (*See* Filing Nos. 220-7, 220-6).

---

[2] The Court recognizes that there is a fine line between interpreting the claims in light of the specification and using the specification to import limitations into the claims. However, the Court has used the intrinsic record as a tool to determine how a person of ordinary skill would understand the claim terms. *See Phillips*, 415 F.3d at 1323-1324.

Accordingly, the Court adopts Polyform's construction of "alternating" and finds "alternating" means a sequence of projections and recesses that is not interrupted by another structure.  Accordingly,

IT IS ORDERED that the Court finds "panel" means a distinct and separate piece of construction material that is generally flat in shape, and "alternating" means a sequence of projections and recesses that is not interrupted by another structure.

DATED this 15th day of October, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court