IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
POLYFORM, A.G.P. INC., a        )
Quebec, Canada, corporation;    )
PLASTIQUES CELLULAIRES          )
POLYFORM, INC., a Quebec        )
Canada, corporation; and        )
NUDURA CORPORATION, an          )
Ontario, Canada, corporation,   )
                                )
          Plaintiffs,           )     8:07CV397
                                )
     v.                         )
                                )
AIRLITE PLASTICS CO., a         )     ORDER
Nebraska corporation,           )
                                )
          Defendant.            )
_____)
```

Upon stipulation of the parties (Filing No. 239) arising from the motion of Defendant Airlite Plastics Co. ("Airlite") to reopen discovery, pursuant to Fed. R. Civ. P. 26 and 37(d),

IT IS ORDERED that the motion (Docket No. 239) is granted, in part. The Court hereby grants a reopened discovery period for the limited purpose of:

a)   Plaintiffs' production of representative documents relating to the entity and/or entities that Plaintiff Nudura Corporation ("Nudura") has purchased patented products from, including without limitation, to the extent such documents exist, representative sales contracts, invoices, receipts, purchase orders transmitted by Nudura and/or received from Nudura (by way of specific example, the corresponding purchase orders,

invoices, and receipts for documents labeled P019288-89 and P019292-96 and corresponding purchase orders and receipts for documents labeled P018686-715, P019267-87, P019290-91, and P019318-96), and any other documents that allegedly establish the terms and entities from which Nudura purchases products covered by the '419 patent, and the relationship between the Plaintiffs, and between the Plaintiffs and Industries de Moulage Polymax ("Polymax") and/or ICForm, Inc. ("ICForm"), including tax records relating thereto during the time period subsequent to 2005, such documents to be produced to Airlite no later than Friday, October 17, 2008;

        b)   After production of documents identified in a) above, the taking of a Rule 30(b)(6) deposition of Plaintiffs Polyform, A.G.P. Inc. and Plastiques Cellulaires Polyform, Inc. on the topics of the entity and/or entities that Plaintiff Nudura Corporation ("Nudura") has purchased patented products from, and the relationship between the Plaintiffs, and between the Plaintiffs and Industries de Moulage Polymax ("Polymax") and/or ICForm, Inc. ("ICForm") and concurrently the deposition of Francois Beauchesne (Polyform's Vice President) relating to the statements in his Declaration submitted by Plaintiffs in opposition to Airlite's motion to dismiss Nudura for lack of standing, said single deposition (with both 30(b)(6) and individual testimony) limited in time to two hours;

          c)  After production of documents in a) above, the continued Rule 30(b)(6) deposition of Nudura on the topics of the entity and/or entities that Nudura has purchased patented products from, and the relationship between the Plaintiffs, and between the Plaintiffs and Polymax and ICForm and concurrently the continued deposition of Murray Snider in view of his Rule 30(b)(6) deposition testimony on behalf of Nudura, and his substantive errata sheet changes thereto, said continued deposition (with both 30(b)(6) and individual testimony) to also be limited to two hours.

    DATED this 22nd day of October, 2008.

               BY THE COURT:

               /s/ Lyle E. Strom
               _____
                LYLE E. STROM, Senior Judge
                United States District Court