IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| POLYFORM, A.G.P. INC., a Quebec, Canada, corporation; PLASTIQUES CELLULAIRES POLYFORM, INC., a Quebec Canada, corporation; and NUDURA CORPORATION, an Ontario, Canada, corporation, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:07CV397 |
| v. | ) ) | |
| AIRLITE PLASTICS CO., a Nebraska corporation, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on plaintiffs Polyform, A.G.P., Inc., Plastiques Cellulaires Polyform, Inc., and Nudura, Corporation's (collectively, "Polyform") motion for summary judgment and request for a hearing (Filing No. 105), defendant Airlite Plastics, Company's ("Airlite") motion for summary judgment and request for a hearing (Filing No. 60), Polyform's motion for leave to file the declaration of Jay Crandell (Filing No. 138), Airlite's motion for leave to amend its evidence index (Filing No. 141), and Airlite's motion for leave to file the United States Patent & Trademark Office's ("PTO") order granting reexamination (Filing No. 146).

After reviewing the motions, briefs, and evidentiary submissions of the parties, and the applicable law, the Court finds that Polyform's motion for summary judgment should be

granted in part and denied in part, Airlite's motion for summary judgment should be denied, Polyform's motion for leave to file the declaration of Jay Crandell should be denied, Airlite's motion for leave to amend its evidence index should be granted, and Airlite's motion for leave to file the PTO's order granting reexamination should be granted. The parties' requests for a hearing will be denied.

## BACKGROUND

United States Patent No. 6,401,419 ("the '419 patent"), entitled "Stackable Construction Panel," is directed toward interlocking foam panels used to build form walls (the '419 patent, col. 1, ll. 7-9). The '419 patent is assigned to Polyform, A.G.P., Inc., Plastiques Cellulaires Polyform, Inc., is the exclusive worldwide licensee of the '419 patent, and Nudura, Corporation is party to a distribution agreement regarding the '419 patent. Airlite manufactures and sells stackable foam construction panels under the trade name Fox Blocks, and Fox Blocks are available in several different models.

Polyform brought an action for patent infringement against Airlite, claiming Fox Blocks infringe on claims 1-3 of the '419 patent. Airlite counterclaimed that Fox Blocks do not infringe the '419 patent, and claims 1-3 of the '419 patent are invalid under 35 U.S.C. § 102 and 35 U.S.C. § 103. Polyform moved for summary judgment on the issues of infringement and

-2-

willful infringement, and Airlite moved for summary judgment on the issue of invalidity of claims 1-3 of the '419 patent (Filing Nos. 105, 60). Subsequently, the parties filed additional motions related to the motions for summary judgment (*See* Filing Nos. 138, 141, 146).

## DISCUSSION

## I. MOTIONS FOR SUMMARY JUDGMENT

### A. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A fact is material when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Oney v. Ratliff,* 182 F.3d 893, 895 (Fed. Cir. 1999). However, when a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific

facts sufficient to raise a genuine issue for trial.  Fed. R.
Civ. P. 56(e)(2).

### B. CLAIM CONSTRUCTION

The first step in an infringement analysis or an
invalidity analysis is claim construction.  *SIBIA Neurosciences,
Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000);
*Dolly, Inc. v. Spalding & Evenflo Cos.,* 16 F.3d 394, 397 (Fed.
Cir. 1994).

In this case, claims 1-3 of the '419 patent are at
issue.  Claims 1-3 of the '419 patent provide:

> 1. A stackable insulating foam panel having a
> top side and a bottom side each including a
> single median row of alternating projections
> and recesses having a similar complementary
> shape, the median row being disposed between
> two coplanar edge surfaces, each projection
> of the top side being opposed to a recess of
> the bottom side and each recess of the top
> side being opposed to a projection of the
> bottom side whereby the top side of  the
> panel is interconnectable with either the top
> side or the bottom side of a like panel and
> the bottom side of the panel is
> interconnectable with either the top side or
> the bottom side of a like panel.
>
> 2. A foam panel according to claim 1, wherein
> the similar complementary shape of the
> projections and the recesses is generally
> rectangular.
>
> 3. A foam panel according to claim 2, wherein
> the projections have rounded-corners.

The Court held a *Markman* hearing to construe certain
claim terms of the '419 patent.  The Court construed the

following terms and issued an order accordingly: (1) "two coplanar edge surfaces" means two flat or level surfaces bordering the side edges of the foam panel, said two surfaces lying in the same plane, (2) "single median row" means one and only one row at or near the middle of and spaced from both lateral side edges of a foam panel, (3) "panel" means a distinct and separate piece of construction material that is generally flat in shape, and (4) "alternating" means a sequence of projections and recesses that is not interrupted by another structure (*See* Filing No. 237).

C. POLYFORM'S MOTION FOR SUMMARY JUDGMENT

1. Infringement

An infringement analysis requires the Court to determine whether the accused device is within the scope of the patent claims. *See Dolly, Inc.*, 16 F.3d at 397. The plaintiff must prove by a preponderance of the evidence that every limitation of the patent claim is found in the accused device, either literally or by an equivalent. *See SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988). Infringement is a question of fact. *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998).

In this case, Airlite admits that all Fox Blocks models listed in Paragraph 11 of Filing No. 106 ("all Fox Blocks")

-5-

contain at least one panel with all of the limitations of claims 1-3 (*See* Filing No. 129 at ¶¶ 12-18).  Despite this admission, Airlite contends that most models of Fox Blocks do not have a "single median row of alternating projections and recesses."

Airlite admits that all Fox Blocks have at least one panel with "a" row of alternating projections and recesses near the middle of the panel, but Airlite contends some models of Fox Blocks have two rows of projections and recesses because Fox Blocks have two panels (*See Id.* at ¶ 13, p. 8; Filing Nos. 130-1 and 130-2).  Notwithstanding the fact that Fox Blocks have two connected panels, the limitation of a "single median row of projections and recesses" in claim 1 refers to the characteristics of one panel.  Airlite's admission that all Fox Blocks have at least one panel with "a" row of projections and recesses establishes that all Fox Blocks contain one panel with a single median row of projections and recesses.

Similarly, Polyform's expert declared that all Fox Blocks contain the limitation of a "single median row of projections and recesses" (*See* Filing No. 107-13).  Airlite's sole reliance on engineering drawings and argument do not raise a genuine issue of material fact for trial.

Based on the foregoing, there is no genuine dispute that all Fox Blocks literally infringe claims 1-3 of the '419 patent because all Fox Blocks satisfy each and every limitation

of claims 1-3.  Indeed, Airlite's brief in opposition to
Polyform's motion for summary judgment focuses on the issue of
validity rather than the issue of infringement.  While the '419
patent must be valid before it will give rise to liability for
infringement, validity and infringement are two distinct issues.
*Pandrol USA, LP v. Airboss Ry. Prod., Inc.*, 320 F.3d 1354, 1364-
65 (Fed. Cir. 2003).  Thus, Polyform's motion for summary
judgment on the issue of infringement of the '419 patent will be
granted.

        2. Willful Infringement

        ". . . [T]o establish willful infringement, a patentee
must show by clear and convincing evidence that the infringer
acted despite an objectively high likelihood that its actions
constituted infringement of a valid patent . . . . If this
threshold objective standard is satisfied, the patentee must also
demonstrate that this objectively-defined risk (determined by the
record developed in the infringement proceeding) was either known
or so obvious that it should have been known to the accused
infringer."  *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed.
Cir. 2007)(internal citation omitted).  Whether infringement was
willful is a question of fact.  *Metabolite Lab., Inc. v. Lab.
Corp. of Am. Holdings*, 370 F.3d 1354, 1359 (Fed. Cir. 2004).

        As this case presents genuine issues of material fact,
summary judgment is precluded.  Accordingly, Polyform's motion

-7-

for summary judgment on the issue of willful infringement will be denied.

<u>D. AIRLITE'S MOTION FOR SUMMARY JUDGMENT</u>

A patent is presumed valid, and the one challenging validity must prove invalidity by clear and convincing evidence. 35 U.S.C. § 282; *Oney*, 182 F.3d at 895.

<u>1. Invalidity Under 35 U.S.C. § 102</u>

If an invention is patented or sold more than one year prior to the date of application for the patent in issue, the patent in issue is invalid as "anticipated."  35 U.S.C. § 102(b); *see In re Crish*, 393 F.3d 1253, 1256 (Fed. Cir. 2004). "Invalidity for anticipation requires that all of the elements and limitations of the claim are found within a single prior art reference.  There must be no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention." *Scripps Clinic & Research Found. v. Genentech, Inc.,* 927 F.2d 1565, 1576 (Fed. Cir. 1991)(internal citations omitted).  Anticipation is a question of fact.  *Id.*

In this case, there are genuine issues of material fact which preclude summary judgment.  Thus, Airlite's motion for summary judgment on the issue of invalidity of claims 1-3 of the '419 patent under § 102 will be denied.

-8-

## 2. Invalidity Under 35 U.S.C. § 103

A patent may be invalid as "obvious" under 35 U.S.C. § 103.  Title 35, U.S.C. § 103(a) provides:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. . . .

To determine whether a patent is invalid under § 103(a), the Court must consider the scope and content of the prior art, the differences between the prior art and the claims at issue, and the level of ordinary skill in the pertinent art. *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1734 (2007) (quoting *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)).  In addition, "[s]uch secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented." *Id.*  Whether a patent is invalid for obviousness is a question of law that is based on underlying factual findings.  *Optivus Tech., Inc. v. Ion Beam Applications S.A.*, 469 F.3d 978, 984-85 (Fed. Cir. 2006).

-9-

As genuine issues of material fact exist, summary judgment will be denied.  Thus, Airlite's motion for summary judgment on the issue of invalidity of claims 1-3 of the '419 patent under § 103 will be denied.

Although the Court does not find that it is appropriate to determine the issue of validity at this stage of the litigation, the Court has serious doubts as to whether claims 1-3 of the '419 patent are valid.  Nonetheless, if the '419 patent is determined valid, the Court would have to find that Fox Blocks infringe claims 1-3.

## II. MOTION FOR LEAVE TO FILE CRANDELL DECLARATION

After the parties submitted briefs regarding Airlite's motion for summary judgment on invalidity, Polyform moved for leave to file the declaration of Jay Crandell to oppose Airlite's motion for summary judgment (*See* Filing No. 138).  It appears this motion is moot in light of the subsequent *Markman* hearing. Nonetheless, the Court finds Airlite's motion for summary judgment should be denied based on the record already submitted by the parties.  Accordingly, Polyform's motion for leave to file Mr. Crandell's declaration will be denied.

## III. MOTION FOR LEAVE AMEND AIRLITE'S EVIDENCE INDEX

Airlite moved for leave to amend the evidence index in support of Airlite's reply brief regarding its motion for summary judgment on invalidity (Filing No. 141).  Polyform did not oppose

-10-

this motion.  As the Court considered the amendment as part of
the record when ruling on Airlite's motion for summary judgment,
this motion will be granted.

**IV. MOTION FOR LEAVE TO FILE THE PTO'S ORDER**

Airlite moved for leave to file the PTO's order
granting reexamination of the '419 patent to supplement Airlite's
motion for summary judgment on invalidity (Filing No. 146).
Polyform did not oppose this motion (*See* Filing No. 182).  The
Court considered the PTO's order when ruling on Airlite's motion
for summary judgment.  Therefore, Airlite's motion for leave to
file the PTO's order granting reexamination will be granted.
Accordingly,

IT IS ORDERED:

1)  Polyform's motion for summary judgment that claims
1-3 of the '419 patent is infringed by defendant's Fox Blocks is
granted.

2)  Polyform's motion for summary judgment that
defendant willfully infringed the '419 patent is denied.

3)  Airlite's motion for summary judgment is denied.

4)  Polyform's motion for leave to file the declaration
of Crandell is denied.

5)  Airlite's motion for leave to amend its evidence
index is granted.

6)  Airlite's motion for leave to file the PTO's order
is granted.

-11-

7)   The parties' requests for a hearing are denied.

DATED this 26th day of November, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

-12-